**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

_____

In re:

    **Terry G. Roy and
    Barbara A. Roy,**
              **Debtors.**


Filed & Entered
On Docket
June 3, 2011

**Chapter 13 Case
# 10-11589**

_____

## ORDER
### GRANTING THE DEBTORS' MOTION TO COMMENCE MEDIATION IN BANKRUPTCY COURT

On April 19, 2011, the Debtors filed a motion to commence mediation in this Court (doc. # 35). The Debtors request mediation with Saxon Mortgage Services, Inc. ("Saxon") as servicer for Deutsche Bank National Trust Company ("Deutsche Bank") pursuant to Standing Order # 10-01. The Debtors asserted that: 1) there had been a mortgage default; 2) there was a state court foreclosure action; 3) a judgment order of foreclosure issued on October 26, 2010; 4) no mediation had begun in the state court proceeding; 5) the purpose of the mediation sought was to negotiate a mortgage modification and to lower the interest rate; and 6) the Debtors could not proceed with their chapter 13 case until they completed a mortgage modification. The Debtors served Saxon and Deutsche Bank by certified mail, and used the default procedure. Neither Saxon nor Deutsche Bank objected to the motion.

The applicable standing order provides in pertinent part as follows:

> To obtain an order directing Mediation, the movant must show cause based upon the best interest of creditors and eligibility under the Act, must serve notice on all parties in interest, and may use the default procedure.

Standing Order # 10-01, ¶ 3. The Court finds that notice was sufficient and that there is cause to grant the Debtors' motion to commence mediation under both Standing Order # 10-01 and the Court's inherent power, under 11 U.S.C. § 105(a), to issue an order it deems necessary for the Debtor to proceed effectively under chapter 13 of the Bankruptcy Code.

Therefore, in order to expedite the commencement of an effective mortgage mediation process and to maximize the Debtors' opportunity to promptly and successfully reorganize under chapter 13,

    IT IS HEREBY ORDERED that:

1. <u>by June 17, 2011</u>, the parties shall file a proposed joint scheduling order for the mediation, that includes, at a minimum, a time frame for exchanging documents (with specification of the documents each party will provide to the other by specific dates), the date by which the initial mediation session will be held, and the date by which the parties will conclude the mediation;

2. <u>by June 17, 2011</u>, the Debtors shall file the documents required for proceeding with mediation, as specified in Standing Order # 10-01, ¶ 6;

3. from this date forward, the parties shall comply with the terms of Standing Order # 10-01, ¶¶ 6–8, 10, and 11; and

4. within 7 days of entry of the stipulated scheduling order, the Debtors shall serve a copy of that order and a copy of this order upon the Office of the Vermont Attorney General.

SO ORDERED.

June 3, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

2